UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
00 JAN 26 PH 4:10
N.D. OF ALABAMA

CEDRIC FUQUA, TERESA )
NANCE-MOSLEY, and ANGELA )
WILSON, )
 )
    Plaintiffs, )
 )
vs. ) Civil Action No. CV-99-S-3295-NW
 )
PALLET MANAGEMENT SYSTEMS, )
INC., and BENEFIT )
MANAGEMENT COMPANY, )
 )
    Defendants. )

ENTERED
JAN 2 6 2000

## MEMORANDUM OPINION

This action is before the court on a motion to dismiss plaintiffs' complaint. Upon consideration of the motion, pleadings, and oral arguments of counsel, this court concludes that plaintiffs' claims are due to be dismissed without prejudice.

### I. BACKGROUND

Plaintiffs, who are employees of defendant Pallet Management Systems, Inc. ("Pallet Management"), originally instituted this action in the Circuit Court of Lauderdale County, Alabama, on November 5, 1999. (See Exhibit "1" to notice of removal (Doc. No. 1).) Defendant Benefit Management Company ("Benefit Management") is the plan fiduciary[1] for Pallet Management.

---

[1] "Fiduciary" is defined in 29 U.S.C. § 1002(21)(A) (Employee Retirement Income Security Act of 1974 ("ERISA") § 3(21)(A)):

    Except as otherwise provided in subparagraph (B), a person is

Plaintiffs allege Pallet Management and Benefit Management failed to provide medical insurance in accordance with an employee benefit plan, and that defendants are liable under the law of the State of Alabama for false representations,[2] bad faith refusal to pay valid insurance claims,[3] and breach of the contract of insurance.[4] (See id. at 2-3.)

Benefit Management removed the action from state court on December 13, 1999. Pallet Management joined in the removal on that date. (See Notice of removal at 1 & Doc. Nos. 2-3.) Defendants justified removal on two independent grounds. First, they claimed federal question jurisdiction under 28 U.S.C. § 1331, because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., preempted plaintiffs' state law claims.

---

a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

[2] "On or about October 1, 1998, the Defendants [falsely] represented to the Plaintiffs that if they paid premiums to the Defendants the Defendants would provide health care insurance ... in accordance with a plan allegedly provided for the Plaintiffs and their families." (Complaint at 1-2.)

[3] "Defendants acted in bad faith in refusing to pay the claims [made for health insurance under said plan or policy]." (Complaint at 2.)

[4] "Defendants breached the contract of insurance with the Plaintiffs when they failed and refused to pay Plaintiffs' claims as provided in the policy of insurance or plan." (Complaint at 3.)

2

(*See* Notice of removal ¶¶ 7-8.) Second, they claimed diversity jurisdiction under 28 U.S.C. § 1332(a)(1), because plaintiffs are Alabama citizens, defendants are Florida citizens, and the amount in controversy was satisfied.[5] (*See id.* ¶ 11.) Plaintiffs did not challenge defendants' notice of removal.

Benefit Management moved to dismiss plaintiffs' claims on December 16, 1999, asserting, without elaboration, that the following grounds warranted dismissal:

> 1. The Complaint fails to state a claim against this Defendant upon which relief may be granted.
>
> 2. The Plaintiffs failed to exhaust their administrative remedies prior to filing this lawsuit.
>
> 3. The Plaintiffs failed to comply with the terms, provisions and conditions of the health benefit plan prior to filing this lawsuit.
>
> 4. Plaintiffs' claims are preempted by [ERISA].
>
> 5. The Court lacks subject matter jurisdiction over plaintiffs' state law claims.

(Doc. No. 5, at 1.) In its answer, Pallet Management argued that

---

[5] The propriety of removal on diversity grounds is questionable, because plaintiffs do not request a sum certain in their complaint and defendants submitted no evidence indicating that more than $75,000 is in controversy. *See* 28 U.S.C. § 1332(a)(1); *see also Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353, 1357 (11th Cir. 1996) ("Thus, we hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement."). Based on the discussion *infra*, however, that point is moot, given defendants' establishment of federal question jurisdiction under 28 U.S.C. § 1331.

3

"[p]laintiff's [sic] claims are governed exclusively by [ERISA]" and that "[p]laintiff's [sic] state law claims are preempted by ERISA." Thus, Pallet Management also contended plaintiffs had failed to state a claim upon which relief can be granted. (Doc. No. 8, at 2.)

## II. DISCUSSION

The dispositive issue here concerns whether ERISA preempts plaintiffs' three state law claims. The Eleventh Circuit recently summarized the basic tenets of ERISA preemption in *Hall v. Blue Cross/Blue Shield of Alabama*, 134 F.3d 1063 (11th Cir. 1998).

> Ordinarily, a cause of action does not arise under federal law unless the plaintiff's "well-pleaded complaint" presents a federal question. Although Hall's complaint purports to rely exclusively on state law, she cannot avoid federal jurisdiction if her allegations involve an area of law that federal legislation has preempted. Through ERISA, Congress specifically preempted "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." 29 U.S.C. § 1144(a) (1994). Moreover, in ERISA's civil enforcement section, Congress expressly provides the exclusive cause of action for the recovery of benefits governed under an ERISA plan. Accordingly, if state law claims implicate ERISA's preemption clause and fall within the scope of ERISA's civil enforcement section, then they are converted into federal claims.
>
> The Supreme Court has broadly interpreted the phrase "relate to" in ERISA's preemption clause so as to include any state law claim having "'<u>a connection with or reference to</u>' an employee benefits plan". This court has further instructed that state law claims "relate to" an

4

> ERISA plan for preemption purposes "<u>whenever the alleged conduct at issue is intertwined with the refusal to pay benefits</u>."

*Id.* at 1065 (emphasis supplied) (citations omitted). In an even more recent opinion, the Eleventh Circuit broke down the elements required for preemption under ERISA:

> First, there must be a <u>relevant ERISA plan</u>. Second, the plaintiff must have <u>standing to sue</u> under that plan. Third, the defendant must be an <u>ERISA entity</u>. Finally, the complaint must seek <u>compensatory relief</u> akin to that available under § 1132(a)[6]; often this will be a <u>claim for benefits due under a plan</u>.

*Butero v. Royal Maccabees Life Insurance Company*, 174 F.3d 1207, 1212 (11th Cir. 1999) (emphasis supplied) (citations omitted) (noting that satisfaction of all four elements creates "superpreemption").

In this case, it is clear that the first three elements of the *Butero* test are satisfied. Under 29 U.S.C. § 1002(1), an "employee welfare benefit plan" is

> any plan, fund, or program which ... is ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants ... through the purchase of insurance or otherwise, ... benefits in the event of sickness, accident, disability ....

---

[6] 29 U.S.C. § 1132(a)(1)(B) provides that an ERISA participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...."

5

The Employee Benefit Plan entered into by Pallet Management for the benefit of its employees meets the above definition, and may thus be considered a "relevant ERISA plan." (*See* Doc. No. 6 at Exhibit "1," p. 5 ("The Plan is self-insured. This means that [Pallet Management] is responsible for the payment of all benefits described in this booklet up to a specific limit for each Participant and each Beneficiary.").) Based on the allegations in their complaint, plaintiffs are considered "participant[s]" in the employee benefit plan. *See* 29 U.S.C. § 1002(7) (defining "participant" as "any employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ... or whose beneficiaries may be eligible to receive any such benefit"). Plaintiffs thereby have standing to sue in order to recover benefits or assert rights under the employee benefit plan. *See* 29 U.S.C. § 1132(a)(1)(B). Because Benefit Management controls the payment of benefits and determination of participant's rights, it is considered an ERISA entity. *See Butero*, 174 F.3d at 1213 (citing *Morstein v. National Insurance Services, Inc.*, 93 F.3d 715, 723 (11th Cir. 1996) (*en banc*)). Pallet, as plaintiffs' employer, is also considered an ERISA entity. *See Morstein*, 93 F.3d at 722 ("ERISA entities are

the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan.").

The pivotal issue in this action, therefore, centers on whether plaintiffs' complaint seeks "compensatory relief akin to that available under § 1132(a)," such as "a claim for benefits due under a plan." *Butero*, 174 F.3d at 1212. Analysis of plaintiffs' claims for false representations, bad faith refusal to pay, and breach of contract reveals that defendants' alleged misconduct "is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mutual Life Insurance Company*, 114 F.3d 186, 187 (11th Cir. 1997). Thus, plaintiffs' claims are preempted under 29 U.S.C. § 1144(a). *See Butero*, 174 F.3d at 1213 (holding that ERISA preempts employee's Alabama law claims for breach of contract, bad faith refusal to pay, and fraud in the inducement); *Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042-43 (11th Cir. 1995) (same as to Florida law claims of fraud, misrepresentation, unfair claims settlement practices, and promissory estoppel); *Farlow v. Union Central Life Insurance Company*, 874 F.2d 791, 793-94 (11th Cir. 1989) (same as to Alabama law claims of fraudulent misrepresentation and negligence). *See generally* ABA Section of Labor & Employment Law, *Employee Benefits*

7

*Law* 545 (1991) (noting that "ERISA contains the broadest federal preemption clause ever written"). At bottom, all of plaintiffs' claims focus on defendants' alleged failure to permit plaintiffs recovery of benefits allegedly due under an employee benefit plan. *See* 29 U.S.C. § 1132(a)(1)(B).

### III. CONCLUSION

Because plaintiffs' claims "relate to" benefits allegedly due under the employee benefit plan, they are preempted by ERISA. *See* 29 U.S.C. § 1144(a). Plaintiffs' failure to include a cause of action under ERISA leads this court to dismiss their claims against defendants without prejudice.[7] An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 26th day of January, 2000.

                                          /s/ Lynwood Smith
                                    United States District Judge

---

[7] Should plaintiffs opt to pursue their claims directly under ERISA at a later date, the court notes that they must exhaust all administrative remedies under the plan before filing suit in either state or federal court. *See Variety Children's Hospital, Inc.*, 57 F.3d at 1042 ("We have repeatedly held that plaintiffs must exhaust their administrative remedies under a covered benefits plan prior to bringing an ERISA claim in federal court."). Those administrative remedies are discussed at pages 59-62 of the plan. (*See* Doc. No. 6 at Exhibit "1," pp. 59-62.)